UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK WEINGARTEN and RAYMOND C. SCHAVONE<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:16-CV-12380-MGM<br><br>*LEAVE TO FILE GRANTED ON JULY 20, 2017* |

## PLAINTIFF'S FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT

Plaintiffs, Kirk Weingarten ("Weingarten") and Raymond C. Schavone ("Schavone") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, file this First Amended Complaint against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), showing in support as follows:

### I.    NATURE OF THE CASE

1.    This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, the federal Portal-to-Portal Act, 29 U.S.C. §§ 251-262, (collectively, "FLSA"), the Massachusetts Wage Act, MASS. GEN. LAWS CH. 149, §§ 148, 150 ("Wage Act"), and the Massachusetts Minimum Fair Wage Act, MASS. GEN. LAWS CH. 151, §§ 1A-1B ("MFWA") (collectively, "Massachusetts State Law") for Defendant's failure to pay Plaintiffs time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek.

2.    Plaintiffs file this lawsuit as a collective action under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 under Massachusetts State Law.

3.      Plaintiffs bring this lawsuit as an FLSA collective action on behalf of themselves and similarly situated individuals ("Collective Action Members") for Defendant's failure to pay them time and one-half their regular rate of pay for all hours worked over 40 during each seven-day workweek. Specifically, Defendant failed to include all remuneration required by the FLSA in calculating Plaintiffs' and Collective Action Members' regular rates of pay, and, consequently, their overtime rate of pay. Moreover, Defendant required Plaintiffs and Collective Action Members to work time for which they were not compensated, and seek damages under the FLSA for that "off-the-clock" work that they performed.

4.      In connection with their claims, Plaintiffs and Collective Action Members seek all damages available under the FLSA, including back wages for the three year period prior to filing this lawsuit and forward, liquidated damages, legal fees, costs, and post-judgment interest.

5.      Plaintiffs also bring this lawsuit on behalf of themselves and similarly situated and former Massachusetts employees of Defendant (putative "Class Members") under Massachusetts State Law for Defendant's failure to pay Plaintiffs and Class Members time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek. Defendant failed to include all remuneration required by the MFWA in calculating Plaintiffs and Class Members' regular rates of pay, resulting in a failure to pay all overtime wages which were owed. Furthermore, Defendant required Plaintiffs and Class Members to work time without compensation, *i.e.*, "off-the-clock." Defendant's failure to timely pay all wages owed under the MFWA resulted in violations of the Wage Act. Plaintiffs file this claim as a class action pursuant to Federal Rule of Civil Procedure 23. The relevant time period for the Massachusetts State Law claim is three years preceding the date this lawsuit was filed and forward.

6.      Due to the scale of Defendant's operations in Massachusetts, the potential class is so numerous as to make joinder of all class members impracticable. Plaintiffs do not know the exact size of the class since such information is in the exclusive control of the Defendant. On information and belief, however, the number of potential class members is estimated to be in excess of 50 individuals.

7.      The scope of the class action claims in this lawsuit is limited to individuals who worked for Defendant's operations in Massachusetts for the time period of three years preceding the date of filing this lawsuit and forward.

8.      Plaintiffs and Massachusetts Class Members seek all damages available under Massachusetts State Law, including back wages, liquidated damages, legal fees, costs, and post-judgment interest. These employees are similarly situated under the class action provisions of Rule 23.

## II.      THE PARTIES, JURISDICTION, AND VENUE

### A.      Plaintiff Kirk Weingarten

9.      Weingarten is a natural person who resides in Hampden County, Massachusetts. He has standing to file this lawsuit.

10.      Weingarten is a former employee of Defendant.

11.      Weingarten worked as a Home Mortgage Consultant ("HMC") for Defendant from approximately April 2012 to January 2016. Weingarten's job duties included generating sales leads for residential mortgage applications, taking applications and processing them through closing, and ensuring compliance with state and federal laws and regulations during the application process.

12.     Weingarten was paid an hourly rate of $12.00 per hour as a draw on commissions to be paid based on loan volume closed per month.

**B.      Plaintiff Raymond C. Schavone**

13.     Schavone is a natural person who resides in Worcester County, Massachusetts. He has standing to file this lawsuit.

14.     Schavone is a former employee of Defendant.

15.     Schavone worked as a Home Mortgage Consultant ("HMC") for Defendant from approximately October 2011 to July 2017. Schavone's job duties included generating sales leads for residential mortgage applications, taking applications, processing them through closing, and ensuring compliance with state and federal laws and regulations during the application process.

16.     Schavone was paid an hourly rate of $12.00 per hour as a draw on commissions to be paid based on loan volume closed per month.

**B.      FLSA Collective Action Members**

17.     The putative FLSA Collective Action Members are all current and/or former HMC employees of Defendant working in Massachusetts who were paid on commission, and sometimes like Plaintiffs advanced potential commissions on draw, and who, like Plaintiffs, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek due to Defendant's failure to calculate the regular rates of pay in accordance with the FLSA and/or due to Defendant's practice of requiring its employees to work time without compensation, *i.e.* "off the clock."

18.     While their precise job duties might vary somewhat as HMCs (*e.g.*, they may have been responsible for various kinds of loans), those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendant did not pay all overtime

premium compensation to its HMC employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

19.     The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

### C.     Massachusetts State Law Class Members

20.     The putative Massachusetts State Law Class Members ("Class Members") are all current and former HMC employees of Defendant who were paid on commission, and sometimes like Plaintiffs advanced potential commissions on draw, and who, like Plaintiffs, worked for Defendant in the state of Massachusetts and were not paid all overtime wages owed pursuant to Massachusetts State Law as a result of Defendant's failure to calculate their respective regular rates of pay in accordance with MFWA and related regulations and/or due to Defendant's practice of requiring its employees to work time without compensation, *i.e.* "off the clock." As a result of those violations of the MFWA, the Class Members were not timely paid all wages owed by Defendant within the deadlines set forth in the Wage Act.

21.     While their precise job duties may vary somewhat as HMC employees (*e.g..*, they may have been responsible for various kinds of loans), those differences do not matter for purposes of determining their entitlement to overtime pay under Massachusetts State Law.

22.     The relevant time period for the claims of the Class Members is three years preceding the date this lawsuit was filed and forward.

### D.     Defendant Wells Fargo Bank, N.A.

23.     On information and belief, Defendant is a foreign corporation incorporated under the laws of the State of Delaware.

24.      During all times relevant to this lawsuit, Defendant has done business in the State of Massachusetts.

25.      Defendant operates numerous mortgage bank branches throughout Massachusetts, and across the United States, in which HMC employees provide mortgage loan application and financial services to customers.

26.      At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

27.      At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

28.      At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

29.      For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include providing financial services to customers located throughout the United States.

30.      Furthermore, Defendant employed two or more employees who regularly handled, sold, or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include financial products and services which are accessible in various states throughout the country.

31.      On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

32.     Defendant may be served with summons through the Massachusetts Secretary of the Commonwealth at One Ashburton Place, 17th Floor, Boston, Massachusetts 02108. *See* MASS. GEN. LAWS CH. 156D, § 15.10.

### E.     Jurisdiction and Venue

33.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

34.     During all time relevant to this lawsuit, Defendant has done business in the State of Massachusetts and continues to do business in the State of Massachusetts.

35.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims, in part, on federal law, namely the FLSA. The Court may properly exercise supplemental jurisdiction of the Massachusetts state law claim under 28 U.S.C. § 1367.

36.     Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

37.     Venue is proper in the Boston Division of the United States District Court for the District of Massachusetts because a substantial part of the events giving rise to the claims in this lawsuit occurred in the Boston Division.

### III.     FACTUAL BACKGROUND

38.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

39.     Plaintiffs, FLSA Collective Action Members, and Class Members ("Plaintiffs and Class Members") provided mortgage banking services as employees of Defendant who were

compensated via commission, partly in advance through a draw. Plaintiffs' and Class Members' primary job duties consisted of handling customer mortgage loan applications through the origination and closing process, meeting sales goals, generating leads for new mortgage loans, and ensuring compliance with state and federal laws and regulations. Plaintiffs and Class Members worked in Defendant's Massachusetts mortgage banking branches. During times relevant, Defendant operated up to approximately ten mortgage bank branches throughout Massachusetts.

40.     Defendant paid Plaintiffs and Class Members an hourly pay which represented a draw or advance against commissions to potentially be earned. Defendant paid Plaintiffs in the approximate amounts previously stated.

41.     Plaintiffs and Class Members were non-exempt employees under the FLSA and Massachusetts State Law. When they worked more than 40 hours per seven-day workweek, they were entitle to receive overtime premium compensation at the rate of one and one-half their regular rates of pay for all such hours worked over 40.

42.     Due to the demands of their jobs, Plaintiffs and Class Members were routinely required to work more than 40 hours per seven-day workweek.

43.     In addition to receiving commission-based pay, Plaintiffs and Class Members were also eligible for and received additional remuneration, including performance based commissions and bonuses for meeting the sales quotas required by Defendant.

44.     Defendant had a practice and policy to generally pay Plaintiffs and Class Members for only 40 hours in a given seven-day workweek maximum, regardless of the amount of hours actually worked. While Defendant would sometimes pay Plaintiffs and Class Members overtime which had been "pre-approved", they would as a matter of policy and/or practice

discourage Plaintiffs and Class Members from reporting the full number of overtime hours worked. In other words, Defendant would not allow Plaintiffs and Class Members to input overtime hours into Defendant's timekeeping system, or discourage them from doing so, but required them to work in excess of 40 hours in a given seven-day workweek.

45.     Defendant had a policy and/or practice of pressuring, coercing, and punishing Plaintiffs and Class Members into omitting overtime hours, despite routinely working over 40 hours a week in a given seven-day workweek. This resulted in Defendant failing to include all remuneration required by the FLSA and MFWA in calculating Plaintiffs' and Class Members' regular rates of pay. This resulted in Plaintiffs not being paid all overtime compensation owed by Defendant pursuant to the FLSA and Plaintiffs and Class Members being under compensated per the MFWA. Defendant's failure to pay all over time wages owed pursuant to the MFWA in the timelines required by the Wage Act resulted in Defendant also violating the Wage Act.

46.     For example, Plaintiffs and other HMCs were required by mortgage banking management and regional management ("Management") of Defendant to work late into the evening on certain nights of the week to participate in mandatory "call nights" to generate new sales leads and mortgage applications. Defendant also had a policy or practice of not permitting overtime if Plaintiffs and other HMCs had less than 10 loans in their sales pipeline, but required Plaintiffs and other HMCs to work late into the evenings and on weekends in order to generate mandatory sales numbers. However, Defendant's policy was not to pay Plaintiffs and other HMCs for hours worked over 40 in a given seven-day workweek. Plaintiffs and other HMCs were not allowed to input this additional time in their timesheets without prior approval, even if they were required to work. Where Defendant did pay overtime to Plaintiffs and other HMCs, it actively encouraged, pressured, and coerced them to underreport their hours.

47.    Additionally, Plaintiffs and other HMCs were required to participate in "Open House Blitzes" that required Plaintiffs and other HMCs to deliver special sales-pitching kits to area homes on Sundays. Since Plaintiffs and other HMCs were required to maintain their normal weekly schedule, these quarterly events would result in working more than 40 hours in a given seven-day workweek. However, it was Defendant's policy to not pay Plaintiffs and other HMCs for hours worked over 40 in a given seven-day workweek and Plaintiffs and other HMCs were specifically encouraged not to report Sunday Night Blitz hours as overtime, even though Defendant was aware that this activity took place on a regular basis.

48.    Defendant also had a policy and practice of reprimanding Plaintiffs and other HMCs for including overtime in their timesheets for hours worked over 40 in a given workweek. Defendant's policy and/or practice of reprimanding for working overtime hours resulted in leading Plaintiffs and other HMCs to believe that termination of employment was possible, Plaintiffs and other HMCs omitted most, if not all, hours worked over 40 in a given seven-day workweek. Even though they were still required to work those hours by Management, they omitted these overtime hours for fear of losing their job.

49.    On information and belief, Plaintiffs and other HMCs were routinely required to work six or more days a week, and, on average, over ten hours a day, primarily to meet Defendant's sales goals. However, they were not allowed to input all hours worked on their timesheets. This resulted in the loss of significant overtime hours for all hours worked over 40 in a given seven-day workweek. Plaintiffs and other HMCs were not permitted to record these hours on their timesheet despite Management requiring them to stay.

50.    Defendant had notice of potential liability for unpaid overtime wages throughout the relevant time period pertaining to this lawsuit. Management had knowledge of the obligation

to pay overtime compensation to Plaintiffs and other HMCs for all hours worked over 40 in a given workweek. Management also had knowledge that Plaintiffs and other HMCs regularly worked off-the-clock hours and were not paid time and one-half their full regular rates of pay for all overtime hours worked. Accordingly, this knowledge is imputed to Defendant.

51.     On information and belief, Management knowingly encouraged, permitted, and required Plaintiffs and other HMCs to generally not claim compensation for work performed in excess of 40 hours in a given seven-day workweek. Management was routinely aware of and instituted mandatory "call nights" and "Open House Blitzes" where Plaintiffs and other HMCs worked without compensation. Management was also present or aware of Plaintiffs and other HMCs working over 40 hours in a given seven-day workweek based on email interactions at non-traditional work hours and over six to seven days a week. Management knew/had reason to believe that Plaintiffs and other HMCs were working more hours than reported on their time sheets/to payroll. Furthermore, Plaintiffs and other HMCs were encouraged, expected, and required to engage in generating customer sales leads after typical business hours and on weekends. Management knew/had reason to believe that those additional hours worked by Plaintiffs and other HMCs were not paid.

52.     In short, on information and belief, Defendant's Management knew/had reason to believe that Plaintiffs and other HMCs were encouraged, permitted, and required to work overtime hours for which they were not paid corresponding overtime compensation in order to boost sales quota numbers while keeping labor costs to a minimum.

53.     Plaintiffs worked with numerous other HMC employees of Defendant at Massachusetts mortgage branches. Like Plaintiffs, these employees, before, during, and after Plaintiffs' dates of employment routinely work/worked in excess of 40 hours per workweek,

are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration, including performance based commissions and bonuses for meeting sales quotas required as part of their job duties, in addition to their regular commission-based compensation, and did not/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration and hours worked as required by the FLSA and the MFWA in their respective regular rates of pay. For the same reasons as Plaintiffs, this also resulted in violations of the Wage Act.

54.     During times relevant, Defendant operates/operated numerous other mortgage banking branches throughout Massachusetts, and across the United States, at/from/through which it conducted mortgage banking services for its customers. On information and belief, Defendant employed, and continues to employee, HMC employees at/from/through those mortgage banking branches in Massachusetts who are similarly situated to Plaintiffs and who, despite being entitled to overtime premium compensation at one and one-half times their regular rates of pay for all hours worked over 40 in a workweek as FLSA non-exempt employees, were not paid all overtime compensation owed due to Defendant's failure to compensate them for all hours they worked and Defendant's failure to include all remuneration required by Massachusetts State Law in their respective regular rates of pay. Such remuneration includes performance based commissions and bonuses for meeting sales quotas required as part of their job duties.

55.     On information and belief, Defendant continues to employ HMCs who are subject to the aforementioned practices/policies to not include all hours worked and all remuneration required by Massachusetts State Law in their respective regular rates of pay when calculating the overtime wages owed to them.

## IV.   FIRST CLAIM FOR RELIEF: FLSA CLAIM

56.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

### A.   Controlling Legal Rules

57.   The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

58.   "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

59.   "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2nd Cir. 2008) (same).

60.   Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. §

516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

61.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cnty.*, 495 F.3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

62.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

**B.**     **FLSA Claims**

63.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

64.     All conditions precedent to this suit, if any, have been fulfilled.

65.     At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

66.     At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

67.     Plaintiffs and putative Collective Action Members work/worked at a Massachusetts mortgage bank branch as employees of Defendant. 29 U.S.C. § 203(e).

68.     Plaintiffs and putative Collective Action Members are/were paid an hourly rate as an advance on commissions by Defendant.

69.     Plaintiffs and putative Collective Action Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant during the time period relevant to this lawsuit.

70.     Defendant is/was required to pay Plaintiffs and putative Collective Action Members time and one-half their regular rate of pay for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 2017(a)(1).

71.     Defendant failed to pay Plaintiffs and putative Collective Action Members overtime compensation at one and one-half times their regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

72.     Defendant did not make and keep an accurate record of all hours worked by Plaintiffs and putative Collective Action Members as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Namely, Defendant did not make and keep a record of the exact number of hours worked by Plaintiffs and putative Collective Action Members for time worked before and after the branch was closed to generate sales and meet sales goals.

73.     Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, and as described above in detail, Defendant required, permitted, and/or encouraged under payment of actual hours worked by Plaintiffs and putative Collective Action Members. Defendant was aware that Plaintiffs and putative Collective Action Members were not paid for all hours worked over 40 in a workweek. Defendant was aware that time spent outside normal business hours was not being compensated. Plaintiffs and the putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

74.     Plaintiffs and the putative Collective Action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## V.     FLSA COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

76.     Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former commission-based HMCs who are/were employed by Defendant in Massachusetts and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek due to Defendant's failure to include all remuneration required by the FLSA in their respective regular rates of pay. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

77.     Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

78.     Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.     SECOND CLAIM FOR RELIEF: MASSACHUSETTS STATE LAW CLAIMS

### A.     Controlling Legal Rules

79.     Employers employing employees in the state of Massachusetts are generally required to pay those employees time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. MASS. GEN. LAWS CH. 151, § 1A.

80.     "Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week, . . . and any employee discharged from such employment shall be paid in full on the day of his discharge . . . . The word 'wages' shall include any holiday or vacation payments due an employee under an oral or written agreement." MASS. GEN. LAWS CH. 149, § 148.

81.     "An employee so aggrieved who prevails [pursuant to MASS. GEN. LAWS CH. 149, § 148; CH. 151, § 1A] shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees." MASS. GEN. LAWS CH. 149, § 150; CH. 151, § 1B.

## B.     Massachusetts State Law Claims

82.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

83.     At relevant times, Defendant is/was an eligible and covered employer of Plaintiffs and Class Members under Massachusetts State Law.

84.     Plaintiffs and Class Members are/were paid an hourly rate of pay as a draw or advance on commissions by Defendant in addition to other remuneration, including performance based bonuses and customer service "scorecard" survey bonuses, also known as the "Incentive Compensation Plan."

85.     At material times, Plaintiffs and Class Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

86.     Defendant is/was required to pay Plaintiffs and Class Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek.

87.     Defendant failed to pay Plaintiffs and Class Members overtime compensation at one and one-half times their regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

88.     By failing to timely pay the overtime wages owed to Plaintiffs and Class Members pursuant to the MFWA within the deadlines required by the Wage Act, Defendant also violated the Wage Act as to Plaintiff and Class Members.

89.     Defendant's violations of Massachusetts State Law are/were willful. At all material times, Defendant was aware that Plaintiffs and Class Members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek as required by the MFWA, and were not timely paid all wages owed as required by the Wage Act. Plaintiffs and Class Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their Massachusetts State Law Claims.

90.     Plaintiff Weingarten filed a complaint with the Massachusetts Attorney General, pursuant to MASS. GEN. LAWS CH. 149, § 150 on November 11, 2016, which is sufficient to grant this Court jurisdiction in this matter. *MacDonald v. J. Brown, Inc.*, No. 15-13252-MLW, 2016 WL 5024196, at *1 (D. Mass. Sept. 16, 2016); *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 990 N.E.2d 1054, 1062 (Mass. 2013).

91.     On November 16, 2016, The Office of the Attorney General issued Plaintiff Weingarten a "private right of action" letter authorizing a civil lawsuit in this matter pursuant to MASS. GEN. LAWS CH. 149, § 150. The letter is attached as **Exhibit A**.

92.     Plaintiffs and Class Members seek all damages available for Defendant's violations of the MFWA and the Wage Act.

### VII.    MASSACHUSETTS STATE LAW CLASS ACTION ALLEGATIONS

93.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

94.     Plaintiffs bring their Massachusetts State Law Claims as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (3).

95.     Plaintiffs seek to represent a Class initially defined as: "All commission-based Home Mortgage Consultant employees who work/worked for Defendant in Massachusetts and who are/were not paid all overtime wages required by the MFWA within the deadlines set forth in the Wage Act." Plaintiff requests the opportunity to expand, narrow, or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that the class definition should be modified.

96.     Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

97.     On information and belief, there are over 50 Class Members, and joinder is therefore impracticable. The precise number of Massachusetts State Law Class Members and their addresses are readily determinable from Defendant's records.

98.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to

the class arising from Defendant's actions/omissions include, but are not limited to, the following:

      a.   Whether Defendant paid all wages owed to the Massachusetts State Law Class Members as required by the MFWA;

      b.   Whether Defendant's pay practices as to the Massachusetts State Law Class Members violated the Wage Act; and

      c.   The appropriate method to calculate damages under the MFWA and Wage Act for the Massachusetts State Law Class Members.

99.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Massachusetts State Law Claims.

100.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

101.    Plaintiffs are affected former employees of Defendant who were not paid all overtime wages as required by the MFWA within the deadlines set forth in the Wage Act. Plaintiffs are, therefore, members of the putative class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiffs are an adequate representative of the putative class and have the same interests as of its members. Further, Plaintiffs' claims are typical of the claims of the Class Members, and Plaintiffs will fairly and adequately protect the

interests of the absent members of the putative class. Plaintiffs and their counsel do not have claims or interests that are adverse to the Class Members.

## VIII.   JURY DEMAND

102.   Plaintiffs request a trial by jury with respect to all claims.

## IX.   DAMAGES AND PRAYER

103.   Plaintiffs, on behalf of themselves and all others similarly situated persons, pray for the following relief as against Defendant:

a.   An order certifying the Massachusetts State Law Claims as a Rule 23 class action, and naming Allen R. Vaught, Melinda Arbuckle, and Farsheed Fozouni as class counsel;

b.   All damages allowed by the FLSA, MFWA, and Wage Act, including back overtime wages;

c.   Liquidated damages in an amount equal to back FLSA mandated wages;

d.   Liquidated damages on a class-wide basis pursuant to Massachusetts State Law;

e.   Legal fees;

f.   Costs;

g.   Post-judgment interest; and

h.   All other relief to which Plaintiff, FLSA Collective Action Members, and Massachusetts State Law Class Members are entitled.

Respectfully submitted,

By:    s/ Farsheed Fozouni
        Allen R. Vaught
        TX Bar No. 24004966
        Melinda Arbuckle
        TX Bar No. 24080773
        Farsheed Fozouni
        TX Bar No. 24097705
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com
        marbuckl@baronbudd.com
        ffozouni@baronbudd.com

        Kesler T. Roberts
        BBO # 677577
        Post Office Box 20803
        Worcester, MA 01602
        (774) 262-1699

        ATTORNEYS FOR PLAINTIFFS